**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JAMES GANSON EVANS, and<br>AMY EVANS,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID SCOTT BREHMAN, and<br>27 LEDGELAWN, LLC,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Case No. 1:23-cv-00___<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs, James Ganson Evans ("Mr. Evans") and Amy Evans ("Ms. Evans") (together, "Plaintiffs"), by and through their undersigned counsel, hereby complain against Defendants, David Scott Brehman ("Brehman") and 27 Ledgelawn, LLC ("Ledgelawn") (together, "Defendants"), as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Mr. Evans is an adult individual who resides in and is domiciled at 14304 Marina San Pablo PL Unit 206, in the City of Jacksonville, County of Duval, and State of Florida.

2. Ms. Evans is an adult individual who resides in and is domiciled at 1902 Ocean Front, City of Neptune Beach, County of Duval, and State of Florida.

3. Upon information and belief, Brehman is a married, adult individual who resides in and is domiciled at 44 Paper Mill Road, in the Township of Newtown, a/k/a Newtown Square, County of Delaware, and Commonwealth of Pennsylvania.

4. Upon information and belief, Ledgelawn is a limited liability company organized and existing under and by virtue of the laws of the State of Maine, maintains its principal place of

business in the Town of Little Deer Isle, County of Hancock, and State of Maine, and has a mailing address of 44 Paper Mill Road, Newtown Square, PA 19073.

5.      Upon information and belief, Brehman, at all relevant times, was and is the sole member and manager of Ledgelawn.

6.      Upon information and belief, Brehman, at all relevant times, dominated, directed, and controlled the business dealings of Ledgelawn.

7.      Upon information and belief, at all relevant times, Ledgelawn was and is an insider of Brehman pursuant to 14 M.R.S. § 3572(7).

8.      Upon information and belief, Ledgelawn is the current record owner of real property, including without limitation a certain lot or parcel of land, and together with all buildings, structures, facilities, fixtures, systems, improvements, and items of property previously or hereafter located thereon, or attached or appurtenant thereto, located at 27 Lighthouse Lane, Little Deer Isle, Hancock County, Maine 04650 and situated in Deer Isle, Hancock County, Maine, Map 033, Lot 013, and being commonly known as 27 Lighthouse Lane, Deer Isle, Maine (the "Property").

9.      The matter in controversy with respect to this civil action exceeds the sum or value specified by 28 U.S.C. § 1332(a), exclusive of interest and costs.

10.      This civil action is between citizens of different States.

11.      Venue with respect to this civil action is proper in this District because this District is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(b)(2). Venue with respect to this civil action is proper in this Court in Bangor because a substantial part of the events or omissions giving rise to the claims occurred in and a substantial part

of the property that is the subject of the action is situated in the Town of Little Deer Isle, Hancock County, Maine. *See* D. Me. Local R. 3(b).

## FACTUAL ALLEGATIONS

12.     Plaintiffs executed a Promissory Note and Loan Agreement on or about April 30, 2016 (the "April 2016 Promissory Note and Loan Agreement"), whereby Plaintiffs agreed to and did loan $200,000 to 427 E. Lancaster, LLC ("427 LLC") upon the terms and conditions stated therein. A true and correct copy of the executed April 2016 Promissory Note and Loan Agreement is attached hereto as Exhibit A.

13.     Pursuant to the April 2016 Promissory Note and Loan Agreement, Brehman, on behalf of himself in his individual capacity, guaranteed the prompt and punctual payment of moneys due under the aforesaid Loan Agreement and Promissory Note and agreed to remain bound until fully paid.

14.     Upon information and belief, at all relevant times, Brehman was a member of 427 LLC.

15.     Upon information and belief, at all relevant times, Brehman dominated, directed, and controlled the business dealings of 427 LLC.

16.     Plaintiffs executed a Promissory Note and Loan Agreement on or about June 29, 2016 (the "June 2016 Promissory Note and Loan Agreement"), whereby Plaintiffs agreed to and did loan $250,000 to 205 Gray's Lane, LLC ("205 LLC") upon the terms and conditions stated therein. A true and correct copy of the executed June 2016 Promissory Note and Loan Agreement is attached hereto as Exhibit B.

17.     Pursuant to the June 2016 Promissory Note and Loan Agreement, Brehman, on behalf of himself in his individual capacity, guaranteed the prompt and punctual payment of

moneys due under the aforesaid Loan Agreement and Promissory Note and agreed to remain bound until fully paid.

18. Upon information and belief, at all relevant times, Brehman was the sole member and manager of 205 LLC.

19. Upon information and belief, at all relevant times, Brehman dominated, directed, and controlled the business dealings of 205 LLC.

20. Plaintiffs executed a Promissory Note and Loan Agreement on or about September 15, 2016 (the "September 2016 Promissory Note and Loan Agreement"), whereby Plaintiffs agreed to and did loan $100,000 to 205 LLC upon the terms and conditions stated therein. A true and correct copy of the executed September 2016 Promissory Note and Loan Agreement is attached hereto as Exhibit C.

21. Pursuant to the September 2016 Promissory Note and Loan Agreement, Brehman, on behalf of himself in his individual capacity, guaranteed the prompt and punctual payment of moneys due under the aforesaid Loan Agreement and Promissory Note and agreed to remain bound until fully paid.

22. Plaintiffs executed a Promissory Note and Loan Agreement on or about December 30, 2016 (the "December 2016 Promissory Note and Loan Agreement"), whereby Plaintiffs agreed to and did loan $300,000 to 205 LLC upon the terms and conditions stated therein. A true and correct copy of the executed December 2016 Promissory Note and Loan Agreement is attached hereto as Exhibit D.

23. Pursuant to the December 2016 Promissory Note and Loan Agreement, Brehman, on behalf of himself in his individual capacity, guaranteed the prompt and punctual payment of

moneys due under the aforesaid Loan Agreement and Promissory Note and agreed to remain bound until fully paid.

24.     427 LLC defaulted on and breached, and remains in default and breach of, the April 2016 Promissory Note and Loan Agreement.

25.     Despite repeated demands by Plaintiffs, 427 LLC has failed to repay to Plaintiffs all amounts due to Plaintiffs pursuant to the terms of the April 2016 Promissory Note and Loan Agreement.

26.     205 LLC defaulted on and breached, and remains in default and breach of, the June 2016 Promissory Note and Loan Agreement, the September Promissory Note and Loan Agreement, and the December Promissory Note and Loan Agreement (collectively, the "205 LLC Loans").

27.     Despite repeated demands by Plaintiffs, 205 LLC has failed to repay to Plaintiffs all amounts due to Plaintiffs pursuant to the terms of the 205 LLC Loans.

28.     Brehman defaulted on and breached, and remains in default and breach of, his obligations under his guarantees of the April 2016 Promissory Note and Loan Agreement and the 205 LLC Loans (collectively, the "Loans").

29.     Despite repeated demands by Plaintiffs, Brehman has not made any payments to Plaintiffs under his guarantees of the Loans.

30.     On or about May 14, 2021, Total Return Income Fund, LLC ("TRIF") executed and delivered a Quitclaim Deed Without Covenant to Brehman, which was recorded in Book 7121, Page 447 of the Hancock County Registry of Deeds, a true copy of which is attached hereto as Exhibit E, pursuant to which TRIF remised released, bargained, sold, transferred, conveyed, and

forever quitclaimed unto Brehman all of its right, title, and interest in the Property, being more particularly bounded and described in Exhibit A to said Quitclaim Deed Without Covenant.

31.    On or about May 13, 2021, Brehman executed and delivered a Quitclaim Deed With Covenant to Ledgelawn, which was recorded in Book 7121, Page 717 of the Hancock County Registry of Deeds, a true copy of which is attached hereto as Exhibit F, pursuant to which Brehman granted and transferred to Ledgelawn the Property, being more particularly bounded and described in said Quitclaim Deed With Covenant (the "Lighthouse Lane Transfer").

32.    All conditions precedent to the maintenance of this action have been complied with, have occurred, either in fact or by operation of law, or have been otherwise waived and/or excused.

## COUNT I
### [Avoidance of Transfer Pursuant to 14 M.R.S. §§ 3575(1)(A) and 3578]

33.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32 as though set forth in full herein.

34.    Upon information and belief, Brehman made the Lighthouse Lane Transfer with actual intent to hinder, delay or defraud his creditors, including without limitation Plaintiffs.

35.    Brehman made the Lighthouse Lane Transfer to an insider, Ledgelawn.

36.    Upon information and belief, Brehman retained possession or control of the Property after Brehman made the Lighthouse Lane Transfer.

37.    Upon information and belief, before the Lighthouse Lane Transfer was made, Brehman had been sued or threatened with suit.

38.    Upon information and belief, the Lighthouse Lane Transfer was of substantially all the Brehman's assets.

39.     Upon information and belief, the value of the consideration received by Brehman was not reasonably equivalent to the value of the Property transferred by the Lighthouse Lane Transfer.

40.     Upon information and belief, Brehman was insolvent or became insolvent shortly after the Lighthouse Lane Transfer was made.

41.     Upon information and belief, the Lighthouse Lane Transfer occurred shortly before or shortly after a substantial debt was incurred.

42.     Plaintiffs' claims against Brehman arose before and/or after the Lighthouse Lane Transfer was made.

43.     Plaintiffs are entitled to avoid the Lighthouse Lane Transfer and the Lighthouse Lane Transfer is avoidable pursuant to 14 M.R.S. §§ 3575(1)(A) and 3578.

44.     Ledgelawn was the initial transferee of the Lighthouse Lane Transfer.

45.     Defendants' conduct, acts, and/or failures to act, as set forth above, were egregious.

46.     Defendants' conduct, acts, and/or failures to act, as set forth above, were motivated by actual ill will, amounted to express or actual malice, or were so outrageous that malice is implied.

47.     As a result of Defendants' wrongful conduct, acts, and/or failures to act, as set forth above, Plaintiffs have been damaged.

48.     Defendants are liable to Plaintiffs in an amount to be determined, together with allowable interest and costs, and if permissible, punitive damages and attorney fees and expenses.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants, jointly and severally, on Count I of this Complaint (a) avoiding the Lighthouse Lane Transfer to the extent necessary to satisfy Plaintiffs' claims pursuant to 14 M.R.S. § 3578(1)(A);

(b) granting Plaintiffs an injunction against further disposition by Defendants of the Property pursuant to 14 M.R.S. § 3578(1)(C)(1); (c) appointing a receiver to take charge of the Property pursuant to 14 M.R.S. § 3578(1)(C)(2); (d) awarding Plaintiffs damages in an amount not to exceed double the value of the Property transferred by the Lighthouse Lane Transfer pursuant to 14 M.R.S. § 3578(1)(C)(3); (e) granting Plaintiffs any other relief the circumstances may require pursuant to 14 M.R.S. § 3578(1)(C)(4); and/or (f) granting Plaintiffs such other and further relief as this Court deems just and equitable.

### COUNT II
**[Avoidance of Transfer Pursuant to 14 M.R.S. §§ 3575(1)(B) and 3578]**

49.    Plaintiffs repeats and realleges the allegations contained in paragraphs 1 through 48 as though set forth in full herein.

50.    Upon information and belief, Brehman made the Lighthouse Lane Transfer without receiving a reasonably equivalent value in exchange for the Lighthouse Lane Transfer.

51.    Upon information and belief, at or around the time Brehman made the Lighthouse Lane Transfer, Brehman was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

52.    Upon information and belief, at or around the time Brehman made the Lighthouse Lane Transfer, Brehman intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.

53.    Plaintiffs' claims against Brehman arose before and/or after the Lighthouse Lane Transfer was made.

54.    Plaintiffs are entitled to avoid the Lighthouse Lane Transfer and the Lighthouse Lane Transfer is avoidable pursuant to 14 M.R.S. §§ 3575(1)(B) and 3578.

55.    Ledgelawn was the initial transferee of the Lighthouse Lane Transfer.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants, jointly and severally, on Count II of this Complaint (a) avoiding the Lighthouse Lane Transfer to the extent necessary to satisfy Plaintiffs' claims pursuant to 14 M.R.S. § 3578(1)(A); (b) granting Plaintiffs an injunction against further disposition by Defendants of the Property pursuant to 14 M.R.S. § 3578(1)(C)(1); (c) appointing a receiver to take charge of the Property pursuant to 14 M.R.S. § 3578(1)(C)(2); (d) awarding Plaintiffs damages in an amount not to exceed double the value of the Property transferred by the Lighthouse Lane Transfer pursuant to 14 M.R.S. § 3578(1)(C)(3); (e) granting Plaintiffs any other relief the circumstances may require pursuant to 14 M.R.S. § 3578(1)(C)(4); and/or (f) granting Plaintiffs such other and further relief as this Court deems just and equitable.

### COUNT III
### [Avoidance of Transfer Pursuant to 14 M.R.S. §§ 3576(1) and 3578]

56.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 above as though set forth in full herein.

57.    Upon information and belief, Brehman made the Lighthouse Lane Transfer without receiving a reasonably equivalent value in exchange for the Lighthouse Lane Transfer.

58.    Upon information and belief, Brehman was insolvent at the time Brehman made the Lighthouse Lane Transfer or Brehman became insolvent as a result of the Lighthouse Lane Transfer.

59.    Plaintiffs hold claims against Brehman that arose before the Lighthouse Lane Transfer was made.

60.    Plaintiffs are entitled to avoid the Lighthouse Lane Transfer and the Lighthouse Lane Transfer is avoidable pursuant to 14 M.R.S. §§ 3575(1)(B) and 3578.

61.    Ledgelawn was the initial transferee of the Lighthouse Lane Transfer.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants, jointly and severally, on Count III of this Complaint (a) avoiding the Lighthouse Lane Transfer to the extent necessary to satisfy Plaintiffs' claims pursuant to 14 M.R.S. § 3578(1)(A); (b) granting Plaintiffs an injunction against further disposition by Defendants of the Property pursuant to 14 M.R.S. § 3578(1)(C)(1); (c) appointing a receiver to take charge of the Property pursuant to 14 M.R.S. § 3578(1)(C)(2); (d) awarding Plaintiffs damages in an amount not to exceed double the value of the Property transferred by the Lighthouse Lane Transfer pursuant to 14 M.R.S. § 3578(1)(C)(3); (e) granting Plaintiffs any other relief the circumstances may require pursuant to 14 M.R.S. § 3578(1)(C)(4); and/or (f) granting Plaintiffs such other and further relief as this Court deems just and equitable.

Dated: March 10, 2023.　　　　　　/s/ Fred W. Bopp III
　　　　　　　　　　　　　　　　　Fred W. Bopp III, Esq.
　　　　　　　　　　　　　　　　　Attorney for Plaintiffs, James Ganson Evans and Amy Evans

BOPP & GUECIA
121 Main Street
Yarmouth, ME  04096
(207) 846-6111
fbopp@boppguecia.com